

**ORDERED in the Southern District of Florida on June 17, 2014.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Marcos A Maceda & Suni Maceda              Case No: 14-12855
Chapter 13

_____ Debtors _____/

### ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED
### STATUS OF LIEN ON REAL PROPERTY HELD BY <u>BANK OF AMERICA</u>

THIS CASE came to be heard on  June 3, 2014   on the Debtor's *Motion to Value*

*and Determine Secured Status of Lien on Real Property* (DE <u>28 </u>; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection,

having considered the record in this case, and being duly advised in the premises, the

Court FINDS as follows:

       A.      The value of the debtor's real property (the "Real Property") located at <u>3295</u>

W 9th Avenue, Hialeah FL 33012-5009, and more particularly described as

12 53 40 WEST HIALEAH HGTS AMD PB 28-39 W100FT OF N65FT OF TR

4 /AKA N65FT OF LOTS 1 & 2 & N65FT OF W20FT OF LOT 3 BLK 4 PB

22-14/ LOT SIZE SITE VALUE is $ 182,000.00 at the time of the filing of this

case.

B.    The total of all claims secured by liens on the Real Property senior to the lien

of Bank of America (the "Lender") is $ 198,750.00.

C.    The equity remaining in the Real Property after payment of all claims

secured by liens senior to the lien of Lender is $0.00 and Lender has a

secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $0.00.

3.    Because Lender's secured interest in the Real Property is $0, Lender's

mortgage recorded on 07/27/2007 at OR BOOK 25812 Page 1219 of the

official records of Miami-Dade County, Florida shall be deemed void and

shall be extinguished automatically, without further order of the Court, upon

entry of the debtor's discharge in this chapter 13 case.  If this case is

converted to a case under any other chapter or if the chapter 13 case is

dismissed, Lender's mortgage will no longer be considered void and shall be

restored as a lien on the Real Property.

4.    (Select only one):

  X   Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

     Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

### 

Submitted By:

Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008

Attorney  Robert Sanchez, Esq.  is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.