UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MARCOS A. MACEDA AND          CASE NO. 14-12855-LMI
SUNI MACEDA,
                              CHAPTER 13
        Debtors.
_____/

## RESPONSE OF AMERICAN EXPRESS CENTURION BANK TO DEBTORS' OBJECTION TO CLAIM NUMBER 6

American Express Centurion Bank (American Express) by and through its undersigned counsel, hereby responds to the Debtors' Objection to Claim Number 6 and, in support thereof, avers as follows:

1. On February 5, 2014, Marcos and Suni Maceda (Debtors) filed a voluntary petition under Chapter 13, Title 11 of the United States Code and relief was ordered thereon.

2. On April 17, 2014, American Express timely filed a general unsecured proof of claim for the unpaid pre-petition charges incurred on Debtor, Suni Maceda's credit card account number ending in 1008 in the amount of $3,213.83. The claim is designated as Claim Number 6-1 (Claim 6) on the Court's Claims Register.

3. On their Schedule F of unsecured claims, the Debtors list a debt owed to "American Express" in the amount of $3,213.00, which is the exact whole dollar amount of the claim filed.

4. On October 31, 2016, the Debtors filed an Objection to Claim 6 alleging that the claim is barred by the statute of limitations. The Debtors request that the claim be stricken and disallowed.

**RESPONSE**

5.      Claim 6 was filed with a redacted copy of the Debtor's final pre-petition account statement dated January 2010 and a claim balance itemization. The account statement reflects the Debtor's name, redacted account number, and the balance due on the account. The claim balance itemization reflects the Debtor's name, redacted social security number, redacted account number, account type, open, charge off, last payment and late transaction dates, principal, interest and fees, and balance due on the account as of the petition date.

6.      In further support of Claim 6, attached hereto and made a part hereof as Exhibit A is a true and correct redacted copy of the Debtor's July 2009 account statement. The account statement reflects the Debtor's name, redacted account number, and account activity, including the last payment made on the account.

7.      According to the July 2009 statement, the last payment made on the account represented by Claim 6 was on July 3, 2009 in the amount of $60.00.

**STATUTE OF LIMITATIONS IS AN AFFIRMATIVE DEFENSE**

8.      The defense of statute of limitations is an affirmative defense which must be pled. *See* Fed. R. Civ. P. 8(c).

9.      In the instant case, the Debtors have alleged that the debt is barred by the statute of limitations. However, the Debtors have not stated which statute of limitations applies or taken any steps to prove that the claim is outside the applicable period.

10.     Choice-of-law provisions are authorized by statute. Section 671.105(1), Florida Statutes 2014, provides: "[W]hen a transaction bears a reasonable relation to this

state and also to another state or nation, the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties."

11.     Under Florida law, courts will enforce "choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1341 (11th Cir. Fla. 2005) (citations omitted).

12.     Attached hereto and made a part hereof as Exhibit B is a true and correct copy of the Debtor's May 2008 account agreement which governed the account represented by Claim 6 during the time the account was active. The agreement provides, under the section Applicable Law, "This Agreement and your Account, and all questions about their legality, enforceability and interpretation, are governed by the laws of the State of Utah (without regard to internal principles of conflicts of law), and by applicable federal law." *See* page 4 of Exhibit B.

13.     Accordingly, American Express avers that the governing law is that of the state of Utah.

14.     Utah law provides for a six (6) year statute of limitations for instruments in writing, pursuant to Utah Code Ann. § 78B-2-309 (2007). While other statutes may govern the credit card relationship and agreement, *In re Cluff*, 313 B.R. at 334 n.32, the writing that manifests the indebtedness is the receipt signed by a debtor, at the point of sale, at the time of use of the credit/charge card, whether memorialized on paper or electronically. *Id.* at 334. **"[Credit card] debts are based on a writing** because the debts (the legal obligations) are evidenced by the monthly charges and fees which were electronically recorded and transmitted into a monthly statement." *In re Cluff,* 313 B.R. 323, 336 (Bankr. D. Utah 2004) *appeal aff'd sub nom.*, *Cluff vs. eCAST Settlement*

*Corporation*, No. 2:04-CV-00978-TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) (emphasis added.)

15. The use of a credit card demonstrates acceptance by the cardmember of the terms of a credit card agreement. Utah Code Ann. § 70C-1-302(1) (2007) ("'Agreement' means the bargain of the parties in fact as stated in a written contract or otherwise as found in the parties' language or by implication from other circumstances, including, but not limited to, course of dealing, usage of trade, or course of performance."). Thus, a credit card agreement is, under Utah law, enforceable without the debtor's signature. *MBNA Am. Bank, N.A. v. Goodman*, 140 P.3d 589, 592 (Utah Ct. App. 2006) (reversing the trial court's dismissal of the credit card issuer's complaint against a debtor who defaulted under a credit card agreement by failing to pay, opining "[t]he Utah Statute of Frauds expressly provides that credit agreements like the one at issue here are enforceable without the signature of the debtor.") (citing Utah Code Ann. § 25-5-4(e)).

16. Accordingly, under Utah law, American Express' claim is based upon an instrument in writing and the six (6) year statutory limit applies.

## BURDEN OF PROOF

17. The Debtors bear the burden of proof of establishing that the claim is not valid. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute *prima facie* evidence of the validity and amount of the claim.

18. The burden of proof is on the objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the *prima facie* effect of the

proof of claim." *In re VTN, Inc.,* 69 B.R. 1005 (Bankr. S.D. Fla. 1987), citing *In re DeLorean Motor Co. Litigation*, 59 B.R. 329 (Bankr. E.D. Mich. 1986); *In re Herron*, 381 B.R. 184, 190 (Bankr. D. Md. 2008) (denying a motion to reconsider its overruling of an objection to a claim, based on putative expiry of a statute of limitations, and opining that "it is this Court's reading of the relevant law that in all but the most unique cases, it is incumbent upon the objecting party to produce evidence as to the basis of its objection in order to overcome a properly filed proof of claim that achieves *prima facie* validity.")

19. Furthermore, the burden of proving an affirmative defense founded in a statute of limitations does not shift but, rather, lies with the party asserting it. *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 492 (11th Cir. 1993) (opining that "[i]t is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitations.")

20. The Debtors have neither provided evidence nor documentation that would contradict the *prima facie* effect of Claim 6, nor met their burden of showing the affirmative defense founded on a statute of limitations.

21. Furthermore, American Express has provided documentation and/or information showing that the statute of limitations has not run with respect to the account represented by Claim 6 and the debt remains due and owing.

5

WHEREFORE, American Express Centurion Bank respectfully request that the Debtors' Objection to Claim Number 6 be overruled and the claim be allowed as filed.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by CM/ECF electronic transmission this 18th day of November, 2016 upon: Robert Sanchez, Esquire, *Attorney for Debtors*, by CM/ECF electronic mail 355 West 49th Street, Hialeah, FL 33012, and by CM/ECF electronic mail upon Nancy K. Neidich, *Chapter 13 Trustee*, P.O. Box 279806, Miramar, FL 33027.

SANDLER & SANDLER
By M.L. Sandler, P.A.
*Local Attorneys for American Express Centurion Bank*
3390 Mary Street, Suite 116
Miami, FL 33133
Tel: 305-379-6655
Fax: 786-472-7077

*s/ Martin L. Sandler*
Martin L. Sandler
Florida Bar No.: 0070370

6